TD Bank, N.A. v. Ghosh, No. 437-6-11 Rdcv (Teachout, J., July 26, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**　　　　　　　　　　　　　　　　**CIVIL DIVISION**
**Rutland Unit**　　　　　　　　　　　　　　　　　**Docket No. 437-6-11 Rdcv**


**TD BANK, N.A.,**
　　　**Plaintiff**


**v.**


**ARUN K. GHOSH, et al.,**
　　　**Defendants**


### DECISION ON MOTION TO STRIKE JURY DEMAND, MPR #3

Plaintiff seeks foreclosure on commercial property that Defendants financed through Plaintiff. Defendants have filed a counterclaim and made a jury demand. Plaintiff moved to strike the jury demand on the grounds that the Defendants waived any right to a jury trial in the transaction documents, and pursuant to the Entry Order of December 19, 2011, an evidentiary hearing was held on May 14, 2012. Plaintiff is represented by Attorney James B. Anderson. Defendants are represented by Attorney Lisa Chalidze.

### Findings of Fact

Plaintiff TD Bank is a commercial lender that loaned the Defendants money to purchase the Edelweiss commercial property that is the subject of this proceeding. Brenda Wilk was the commercial loan officer for the transaction. The closing was held on December 14, 2005. She was present, as was the seller's attorney. All three Defendants were present with their attorney, Thaddeus Lorentz. The bank had sent him the proposed standard form closing documents two days prior to the closing.

At the closing, Ms. Wilk presented the documents to Attorney Lorentz. They included a note, mortgage, security agreement, and guaranty, all of which contained waivers of the right to a jury trial in any actions of borrowers against the lender. In the Note, there is a paragraph heading in all capital letters that states "JURY WAIVER." In the Mortgage, Commercial Security Agreement, and Commercial Guaranty, in each document under a major section heading entitled "MISCELLANEOUS PROVISIONS," there is a subheading labeled "Waive Jury." In each of these four documents, after such heading, is a single sentence clearly stating that the parties waive their right to a jury trial in any action that may be subsequently brought..

Defendants' attorney reviewed each of the documents with the three Defendants. There was no objection raised as to any provision of any of the documents. There was no attempt to negotiate a change to any of the documents. Ms. Wilk testified, and the Court finds, that if borrowers at closings object to terms in the standard form documents offered to them, the closing is suspended and further discussions and negotiations take place. That has happened occasionally in Ms. Wilk's experience as a commercial loan officer over many years. The Court finds that Defendants had the opportunity to raise an objection and seek to negotiate the term but did not do so. After the review of the documents with their attorney, the Defendants executed all of the closing documents, with no mention of the subject of waiver of the right to jury trial in the event of a lawsuit.

## Conclusions

The trial court decision in Keybank Nat'l Assn v. Sports Odyssey, Inc., No 249-4-09 (Eaton, J., Sept. 24, 2009) sets forth, in the first three paragraphs of the Conclusions section (pp. 4-5), a complete description of the state of the law on the issue presented, and this Court adopts that description as if fully set forth herein. See Decision at 2009 WL 6565299; http://www.vermontjudiciary.org/20062010%20TCdecisioncvl/2010-5-12-5.pdf.

The evidence in this case shows that Defendants knowingly and voluntarily waived their right to a jury trial in connection with lawsuits arising out of the loan they obtained from Plaintiff. The jury waiver provisions, like other provisions of the financing instruments, could have been raised as issues for negotiation, but no attempt was made to do so. The waiver provisions in each of the four documents were highlighted by paragraph headings that are readily apparent in even a cursory review of the documents. While terms of the documents were not individually negotiated, and standard form documents provided by Plaintiff were used, the terms are not unusual for commercial loans. The Defendants were not consumers but were seeking financing for a commercial venture, and they were represented by counsel who specifically reviewed the documents with them.

Plaintiff has met its burden of proof to show a knowing and voluntary waiver of the right to a jury trial in this case.

## ORDER

The Motion to Strike Jury Demand (MPR #3), filed August 12, 2011, is *granted.*

Dated at Rutland this 24th day of July, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge

2